UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Export Development Canada,<br><br>            Plaintiff,<br><br>      v.<br><br>Marquis Solar Frame Works, Inc., and<br>Marquis Star Holding, Inc.,<br><br>            Defendants. | Case No.: 3:25-cv-751 |

# COMPLAINT

Plaintiff Export Development Canada, for its complaint against the Defendants, alleges upon personal knowledge with respect to itself and its own acts, and upon information and belief with respect to all other matters, as follows:

## NATURE OF THE ACTION

1.      This is a simple collection action by Export Development Canada ("EDC") against defendants Marquis Solar Frame Works, Inc. ("Marquis Solar") and Marquis Star Holding, Inc. ("Marquis Star") for nearly $10 million, excluding interest and attorneys' fees.

2.      Marquis Solar and Marquis Star (the "Defendants") are liable to EDC under an indemnification agreement concerning letters of credit issued by nonparty Bank of Montreal, which is insured by EDC.

## THE PARTIES

3.      EDC is a non-profit government entity established by the Canadian Export Development Act of 1985.

4.      Marquis Solar is a Wisconsin corporation headquartered in Wisconsin.

1

5. Marquis Star is a Florida corporation headquartered in Florida.

## JURISDICTION AND VENUE

6. The Court has jurisdiction of this action under 28 U.S.C. §§ 1332(a)(2) and (a)(4) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity of citizenship exists.

7. EDC is a Canadian Crown Corporation with its worldwide headquarters in Ottawa, Canada.

8. EDC is also an "agency or instrumentality of a foreign state" under 28 U.S.C. § 1603(b).

9. Marquis Solar is a Wisconsin corporation, with its principal place of business in Wisconsin.

10. Marquis Star is the parent company of Marquis Solar, and transacted business in Wisconsin through Marquis Solar.

11. Marquis Solar is the wholly owned subsidiary of Marquis Star.

12. Marquis Star is wholly owned by nonparty Chengdu Holding ("Chengdu"), which is a Canadian entity.

13. Chengdu is wholly owned by nonparties Zhong Li and Wei Lu, who are husband and wife.

14. Zhong Li also goes by the name John Lee.

15. Zhong Li and Wei Lu are the indirect owners of both Defendants.

16. Zhong Li is the C.E.O. of both Defendants.

17. Zhong Li conducts the business of both Defendants from his offices in St-Laurent, Québec, Canada.

18. By virtue of their common ownership by Mr. Li and Ms. Lu, Marquis Star controls Marquis Solar's stock.

19. Marquis Star also provides financing to Marquis Solar.

20. Marquis Solar has no independent decision-making authority independent of Marquis Star and Mr. Li.

21. Recognizing Marquis Star as separate from Marquis Solar for jurisdictional purposes would be unjust because EDC will have to bring identical claims against two materially indistinguishable entities owned and operated by the same people in two different districts.

22. As such, recognizing Marquis Star as separate from Marquis Solar for jurisdictional purposes would also be a waste of judicial resources and gives rise to the possibility of inconsistent orders and judgments by two district courts.

23. Venue is proper in this District under 28 U.S.C. § 1391(b) because Marquis Solar's principal place of business is in this District. In addition, a substantial part of the events giving rise to the action occurred in this District.

## FACTUAL ALLEGATIONS

24. EDC provides credit insurance and other financial products to Canadian businesses for the purpose of fostering international trade.

25. The Defendants are affiliated through common ownership with nonparty Sinobec Trading Inc. ("Sinobec Trading").

26. Nonparty Bank of Montreal ("BMO") was insured by EDC concerning certain letters of credit BMO issued to Sinobec Trading.

1. **The Defendants agree to indemnify EDC in connection with EDC's guarantee of certain letters of credit BMO issued to nonparty Sinobec Trading.**

27. The Defendants and Sinobec Trading are indirectly owned by Zhong Li and Wei

Lu.

28. Mr. Li and Ms. Wu also own other nonparties affiliated with the Defendants and Sinobec Trading including Sinobec Group Inc., Sinometal Resources Inc., Sinobec Resources LLC, 9184872 Canada Inc., Canadian Metal Service Centre Inc., Marquis Metal Material Inc., Icon Best Shower and Railings USA, Inc., Icon Best Shower Enclosures and Railings Inc., and Icon Best Shower Product Solutions USA Inc. ("the Sinobec Entities").

29. The Defendants and the Sinobec Entities are distributors of aluminum products, and source aluminum internationally from various steel and aluminum manufacturers.

30. To conduct this business, Sinobec Trading obtained standby letters of credit from BMO to assure Sinobec Trading's international suppliers of payment for their goods.

31. In turn, BMO obtained from EDC a guarantee that EDC would repay BMO concerning any drawdowns on these letters of credit by Sinobec Trading's suppliers.

32. To that end, EDC issued to BMO Account Performance Security Guarantee No. 71889 (the "Performance Guarantee").

33. In connection with providing the Performance Guarantee to BMO, EDC obtained an agreement from the Sinobec Entities to indemnify EDC for the amount of any drawdowns on Sinobec Trading's letters of credit at BMO (the "Indemnity Agreement").

34. The Sinobec Entities signed the Indemnity Agreement in August 2019 and September 2022. *See*, Ex. 1, pp. 4–6.

35. The Defendants co-signed the Indemnity Agreement in December 2023. *See*, Ex. 1, p. 7.

36. Specifically, Zhong Li signed the Indemnity Agreement for Marquis Solar on December 8, 2023. *See*, Ex. 1, p. 7.

37. Mr. Li also signed the Indemnity Agreement for Marquis Star on December 8, 2023. *See*, Ex. 1, p. 7.

38. Marquis Star's actual legal name is Marquis Star Holding, Inc.

39. The identification of Marquis Star Holding, Inc. as "Marquis Star Holding**s** Inc." (emphasis added) on the Indemnity Agreement was a misnomer.

40. Mr. Li does not own, directly or indirectly, any entity called Marquis Star Holding**s** Inc. (emphasis added)

41. Mr. Li has never been President or C.E.O. of any entity called Marquis Star Holding**s** Inc. (emphasis added)

42. No entity called Marquis Star Holdings Inc. has ever operated out of Marquis Star's offices of record with the Florida Secretary of State at 1901 Green Road, Unit E, Pompano Beach, Florida 33064.

43. No Florida corporation called Marquis Star Holdings Inc. existed in December 2023.

44. By signing the Indemnity Agreement for Marquis Star Holdings Inc., Mr. Li intended to bind defendant Marquis Star Holding Inc.

45. An authentic copy of the Indemnity Agreement is attached as Exhibit 1.

   **2. Sinobec Trading's supplier draws down on the letters of credit at BMO.**

46. Nonparty Marubeni Itochu Steel (Shanghai) Co. Ltd. ("Marubeni") was a Chinese supplier of Sinobec Trading, and a beneficiary under its letters of credit at BMO.

47. In May and June 2025, Marubeni made four drawdowns on Sinobec Trading's letters of credit at BMO totaling USD $9,872,197.22.

48. An authentic copy of Marubeni's drawdown demands to BMO are attached as

Exhibit 2.

49. In May 2025, the Sinobec Entities (including Sinobec Trading) filed for protection under the Companies' Creditors Arrangement Act ("CCAA"), which is Canada's equivalent of chapter 11 of the United States bankruptcy code.

50. In May 2025, the Sinobec Entities (including Sinobec Trading) sought recognition of their CCAA proceedings in the United States Bankruptcy Court under chapter 15 of the United States bankruptcy code. *See*, Bankr. N.D. Ill. Case No. 25-80689.

51. As a result, EDC is not presently seeking any relief against any of the Sinobec Entities (including Sinobec Trading) under the Indemnity Agreement in this Court.

52. The Defendants are not debtors in the Sinobec Entities' CCAA proceedings in Canada, or their chapter 15 bankruptcy proceedings in the United States.

53. Pursuant to the Performance Guarantee, BMO demanded payment from EDC concerning the Marubeni drawdowns on Sinobec Trading's letters of credit.

54. Proof of BMO's payment demands to EDC were provided to the Defendants' Florida law firm, Mamone Villalon, on July 15, 2025.

55. Under section 3(4) of the Indemnity Agreement, the Defendants absolutely and irrevocably authorized EDC to honor BMO's payment demands concerning the Marubeni drawdowns, which EDC did.

56. On June 23, 2025, EDC sent a demand letter to the Defendants requesting payment of $9,872,197.22 under the Indemnity Agreement, representing the amount of the Marubeni drawdowns on Sinobec Trading's letters of credit at BMO.

57. Attached as Exhibit 3 is an authentic copy of EDC's June 2025 demand letter to the Defendants.

58. EDC's demand letter identifies the dates it paid BMO under the Performance Guarantee, and the corresponding reference numbers of the letters of credit at BMO. Ex. 3, p. 2.

59. Under section 3(7) of the Indemnity Agreement, the Defendants waived any right of counterclaim, set-off, or deduction concerning EDC's claims in this case.

60. Any conditions precedent to the filing of this action by EDC against the Defendants have occurred or been performed.

61. The Defendants are jointly and severally liable to EDC in an amount to be determined at trial but in no event less than $9,872,197.22, together with prejudgment interest of 4.5% per annum pursuant to section 3(1) of the Indemnity Agreement, and EDC's reasonable attorneys' fees incurred in this action.

## COUNT 1

### (Breach of Contract against Defendant Marquis Solar)

62. EDC repeats and realleges the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

63. The Indemnity Agreement is a valid and binding contract.

64. Marquis Solar breached its contractual obligations under the Indemnity Agreement by failing to pay the amounts sought in EDC's June 2025 demand letter. *See*, Ex. 3.

65. EDC performed all its contractual obligations under the Indemnity Agreement.

66. Marquis Solar is liable to EDC in an amount to be determined at trial but in no event less than $9,872,197.22, together with prejudgment interest of 4.5% per annum under section 3(1) of the Indemnity Agreement, and EDC's attorneys' fees incurred in this action.

## COUNT 2

### (Breach of Contract against Defendant Marquis Star)

67.     EDC repeats and realleges the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

68.     The Indemnity Agreement is a valid and binding contract.

69.     Marquis Star breached its contractual obligations under the Indemnity Agreement by failing to pay the amounts sought in EDC's June 2025 demand letter.  *See*, Ex. 3.

70.     EDC performed all its contractual obligations under the Indemnity Agreement.

71.     Marquis Star is liable to EDC in an amount to be determined at trial but in no event less than $9,872,197.22, together with prejudgment interest of 4.5% per annum under section 3(1) of the Indemnity Agreement, and EDC's attorneys' fees incurred in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, EDC respectfully requests this Court to grant the following relief:

A.     A judgment against the Defendants, jointly and severally, for damages in an amount to be determined but in no event less than $9,872,197.22, together with prejudgment interest of 4.5%, costs, expenses, and attorneys' fees; and

B.     Such other and further relief as the Court deems just and proper.

Dated: September 5, 2025                    Respectfully submitted,

*/s/ David M. Mannion*
David M. Mannion* (NY Bar No. 4472486)
DMannion@BlakeleyLC.com
Blakeley LC
530 Technology Drive, Suite 100
Irvine, California 92618
Tel.: (949) 260-0611

*Attorneys for Plaintiff*
            **Pro Hac Vice* motion forthcoming.*