IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

EXPORT DEVELOPMENT CANADA,

    Plaintiff,

v.

MARQUIS SOLAR FRAME WORKS, INC.,
and MARQUIS STAR HOLDING, INC.,

    Defendants.

TEMPORARY RESTRAINING ORDER

25-cv-751-wmc
_____

    Based upon the evidence supporting plaintiff's motion for a temporary restraining order (dkt. #39), including defendant Marquis Star Holding, Inc.'s absence from this state under Wis. Stat. § 811.03(1)(a) and the suspicious timing of recent offers to sell real estate assets held by it in this state, arguments by counsel at yesterday's hearing, and good cause having been found for equitable relief pending the possible issuance of a preliminary injunction,

    IT IS ORDERED that defendants Marquis Solar Frame Works, Inc. and Marquis Star Holding, Inc. (the "Defendants") are temporarily restrained from causing or participating in the disposition or dilution of any ownership, possessory, security, or equity interest they hold, directly or indirectly, in the real property at: (1) 205 Industrial Circle, Stoughton, WI 53589; and (2) 1600 Williams Drive, Stoughton, WI 53589, absent immediate escrowing of all net proceeds after payment to any lenders or lienors holding mortgages or security interests in that real property provided those persons are not (and never have been) directly or indirectly employed, owned, or controlled, in whole or in part,

by the defendants or any of their current or former officers, employees, or direct or indirect owners.

IT IS FURTHER ORDERED that the defendants may consummate a transaction that would otherwise be prohibited by this TRO provided: (1) they believe in good faith it is for fair market value; (2) it is with a person or entity with whom they have no direct or indirect (past or present) personal, familial, financial, employment, or business relationship; (3) at least seven days in advance of the closing the sales documents are shared with plaintiff's counsel; and (4) the proceeds are held in escrow net of closing expenses payable to persons or entities who are not (and never have been) directly or indirectly employed, owned, or controlled, in whole or in part, by the defendants or any of their current or former officers, employees, or direct or indirect owners.

IT IS FURTHER ORDERED that any opposition to the plaintiff's motion for a preliminary injunction shall be filed with the court on or before January 9, 2026, and any reply shall be filed on or before January 16, 2026, with a hearing to be held on that motion in this courthouse at 9:30 am, January 21, 2026, if necessary.

IT IS FURTHER ORDERED that pursuant to Fed. R. Civ. P. 65(c), plaintiff shall not be required to post a bond at this time and may enter this order as a lien on either property.

Entered this 12th day of December, 2025.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge