IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| EXPORT DEVELOPMENT CANADA, | |
| Plaintiff, | AMENDED TEMPORARY RESTRAINING ORDER |
| v. | 25-cv-751-wmc |
| MARQUIS SOLAR FRAME WORKS, INC., and MARQUIS STAR HOLDING, INC., | |
| Defendants. | |

---

Upon review of the additional evidence supporting plaintiff's motion for a temporary restraining order (dkts. ##57-61), including defendant Marquis Solar Frame Works, Inc., and Marquis Star Holding, Inc.'s recent asset transfers and the suspicious timing of recent offers to sell real estate assets held by it in this state, and good cause having been found for equitable relief pending the possible issuance of a preliminary injunction,

IT IS ORDERED that defendants Marquis Solar Frame Works, Inc. and Marquis Star Holding, Inc. (the "Defendants") are temporarily restrained from causing or participating in the disposition or dilution of any ownership, possessory, security, or equity interest they hold, directly or indirectly, in the real property at: (1) 1100 Biscayne Blvd., Unit 6307, Miami, FL 33132; (2) 205 Industrial Circle, Stoughton, WI 53589; and (3) 1600 Williams Drive, Stoughton, WI 53589, absent immediate escrowing of all net proceeds after payment to any lenders or lienors holding mortgages or security interests in that real property provided those persons are not (and never have been) directly or

1

indirectly employed, owned, or controlled, in whole or in part, by the defendants or any of their current or former officers, employees, or direct or indirect owners.

IT IS FURTHER ORDERED that the defendants may consummate a transaction that would otherwise be prohibited by this amended TRO provided: (1) they believe in good faith it is for fair market value; (2) it is with a person or entity with whom they have no direct or indirect (past or present) personal, familial, financial, employment, or business relationship; (3) at least seven days in advance of the closing the sales documents are shared with plaintiff's counsel; and (4) the proceeds are held in escrow net of closing expenses payable to persons or entities who are not (and never have been) directly or indirectly employed, owned, or controlled, in whole or in part, by the defendants or any of their current or former officers, employees, or direct or indirect owners.

IT IS FURTHER ORDERED that defendants are prohibited from: (1) drawing on the Perfect Gateway loans (dkts. ##60-3, 60-4) other than as excepted in (4) below; (2) allowing additional liens to be recorded against Marquis Star or Marquis Solar's assets without EDC's consent or the court's approval; (3) transferring additional assets to nonparties in which Mr. Zhong Li, a/k/a John Lee, has a direct or indirect beneficial interest, including his Canadian companies; or (4) otherwise causing or participating in the disposition or dilution of any ownership, possessory, security, or equity interest in any other assets of defendants except for payments or transfers made to employees, customers, suppliers, or arms'-length lenders with whom the defendants contracted before the entering of this amended TRO, consistent with established business practices that are necessary for the defendants' ongoing and normal business operations.

2

IT IS FURTHER ORDERED that the briefing schedule shall remain as previously ordered, and any opposition to the plaintiff's motion for a preliminary injunction shall be filed with the court on or before January 9, 2026, including any response to plaintiff's supplemental statement of proposed facts (Dkt. #59), and any reply shall be filed on or before January 16, 2026, with a hearing to be held on that motion in this courthouse at 9:30 am, January 21, 2026, if necessary.

IT IS FURTHER ORDERED that pursuant to Fed. R. Civ. P. 65(c), plaintiff shall not be required to post a bond at this time and may again enter this order as a lien on the properties specified.

Entered this 30th day of December, 2025.

BY THE COURT:

_____
WILLIAM M. CONLEY
District Judge